IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **CYNTHIA RODGERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 21-cv-2259-MSN-tmp |
| | ) |
| **TENNESSEE DEPARTMENT OF** | ) |
| **CHILDREN'S SERVICES** | ) |
| | ) |
| Defendant. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is a motion to dismiss filed by defendant Tennessee Department of Children's Services ("DCS") pursuant to Federal Rule of Civil Procedure 12(b)(1) on September 21, 2021.[1] (ECF No. 9.) Because *pro se* plaintiff Cynthia Rodgers did not timely respond to the instant motion, the undersigned magistrate judge entered an order to show cause directing Rodgers to respond by November 3, 2021. (ECF No. 11.) To date, Rodgers has not responded to the motion. For the reasons below, it is recommended that the motion to dismiss be granted.

**I.   PROPOSED FINDINGS OF FACT**

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

On January 27, 2021, the Equal Employment Opportunity Commission ("EEOC") issued Rodgers a right to sue letter. (ECF No. 1-1.) Rodgers filed a *pro se* complaint on April 26, 2021, and the Clerk's Office sent three blank summonses to Rodgers on April 27, 2021. (ECF No. 1.) On July 12, Rodgers called the Clerk's office stating that she had lost the summonses that were sent to her, so on July 21, the Clerk's office mailed two more summonses to Rodgers. (ECF No. 6.) On August 12, 2021, the undersigned entered an Order to Show Cause stating that "Plaintiff has thirty (30) days from the entry of this order to provide proof of service or otherwise demonstrate good cause as to why this complaint should not be dismissed." (ECF No. 7.) On September 2, 2021, the summons was returned executed and on September 21, 2021, DCS moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 8; 9.) On October 20, 2021, because Rodgers had not filed a response, the court entered an Order to Show Cause, giving Rodgers until November 3, 2021, to respond. (ECF No. 11.) As of December 17, 2021, Rodgers has not filed a response.

Rodgers brings suit against her former employer, DCS, for employment discrimination in violation of the Americans with Disabilities Act ("ADA"). (ECF No. 1 at 1.) In her complaint, Rodgers claims that DCS discriminated against her based on her disabilities of Obstructive Sleep Disorder and Interstitial

Fibrosis and failed to accommodate her. (Id. at 2.) In the section of her complaint devoted to the facts of the case, Rodgers wrote the following:

> I have been employed with the State of Tennessee since May of 1984. During the almost 37 years of service I have worked intermittently on call. Working on call has been [posing] a problem for several years since my health began to deteriorate. I have only in the past 6-7 year covered my week on call maybe 3 or 4 times. My co-workers have covered my week. In October of 2019, the supervisor taking my place failed to [respond] to a call. As [a] result, my supervisor warned me that I would be disciplined if this happened again. Her actions resulted in my being fearful of losing employment, so I exercised my right to seek protection. I completed an ADA request after this incident. It was denied and I sought help through the local EEOC office. The claim was process[ed] and I was issued a right to sue letter.

(Id.) Rodgers seeks for the court to direct DCS to provide ADA accommodations or to "simply remove the Plaintiff from the on-call schedule." (Id.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Legal Standard**

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may challenge the complaint on its face or the existence of jurisdiction in fact. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996). If the challenge is facial, "the court must consider the allegations of the complaint as true." Id. (quoting Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 890-91 (3d Cir. 1977)). If the

- 3 -

challenge is based on the existence of jurisdiction in fact, the court will evaluate the merits of the jurisdictional claims and the plaintiff bears "the burden of proof that jurisdiction does in fact exist." Id. (quoting Mortensen, 549 F.2d at 890-91).

It is well-established that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction.").

**B.   Sovereign Immunity**

DCS argues that the agency is entitled to sovereign immunity on Rodgers' ADA claims, so the complaint must be dismissed. The Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the text of the Amendment refers only to suits against a State by citizens of another State, [the Supreme Court] has repeatedly held that an unconsenting State also is immune from suits by its own citizens." Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004) (collecting cases). In practice, the Eleventh Amendment establishes "a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities, whether for injunctive or monetary relief, unless the state has given express consent." Rucker v. Frazier Health Ctr., No. 2:14-cv-411, 2014 WL 6603311, at *2 (S.D. Ohio Nov. 19, 2014). The Eleventh Amendment's "far reaching" immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments . . . by citizens of another state, foreigners or its own citizens." Thiokol Corp. v. Dep't of Treasury, State of Mich., 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted). "Eleventh Amendment immunity attaches only to defendants that are

the state itself or an 'arm of the State.'" Town of Smyrna v. Mun. Gas Auth. of Ga., No. 12-5476, 2013 WL 3762889, at *8 (6th Cir. July 19, 2013) (quoting Ernst v. Rising, 427 F.3d 351, 358 (6th Cir. 2005)); see also Mingus v. Butler, 591 F.3d 474, 481 (6th Cir. 2010). "The burden of establishing Eleventh Amendment immunity lies with the state[.]" Barker v. Goodrich, 649 F.3d 428, 432 (6th Cir. 2011) (citing Gragg v. Ky. Cabinet for Workforce Dev., 289 F.3d 958, 963 (6th Cir. 2002)).

DCS is an agency of the state of Tennessee and is protected from suit by sovereign immunity under the Eleventh Amendment. See Gean v. Hattaway, 330 F.3d 758, 766 (6th Cir. 2003) (finding "the Tennessee Department of Children's Services" is "the State" for purposes of the sovereign immunity analysis). However, courts recognize three exceptions to state sovereign immunity from suit in federal courts under the Eleventh Amendment: (1) when the exception established by the Ex Parte Young doctrine applies; (2) when the state has consented to suit; and (3) when Congress has acted, pursuant to its Fourteenth Amendment Enforcement Clause powers, to abrogate state sovereign immunity. S&M Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008).

The Ex Parte Young doctrine allows private citizens to sue state officials in their official capacity for prospective injunctive relief. See P.R. Aqueduct & Sewer Auth. v. Metcalf &

Eddy, Inc., 506 U.S. 139, 146 (1993) (holding that Ex Parte Young applies only to suits for prospective relief against state officials and "has no application in suits against the States and their agencies, which are barred regardless of the relief sought"). Rodgers only names DCS as a defendant in her complaint and, therefore, the Ex Parte Young doctrine does not apply. See Johnson v. Sw. Tenn. Cmty. College, No. 08-cv-2473 P, 2010 WL 1417739, at *3 n.1 (W.D. Tenn. Mar. 31, 2010) ("The exception of Ex parte Young . . . does not apply here because Johnson has sued only a state agency, and not any state officials."). Moreover, the state of Tennessee has not consented to being sued by private citizens. Tenn. Code Ann. § 20-13-102(a); see also Brown v. Tenn., No. 19-2613-TLP-tmp, 2019 WL 5550501, at *1 (W.D. Tenn. Sept. 19, 2019) ("Tennessee has not waived its sovereign immunity.").

Therefore, the only question before the court is whether Congress abrogated the state's sovereign immunity for purposes of the ADA. The Supreme Court has held that Congress did not abrogate the states' Eleventh Amendment immunity for lawsuits brought pursuant to Title I of the ADA. Garrett, 531 U.S. at 368; ; see also Babcock v. Mich., 812 F.3d 531, 534 (6th Cir. 2016) (collecting cases showing that the ADA did not abrogate sovereign immunity for claims under Title I of the ADA, although it may have abrogated sovereign immunity "in limited

circumstances" under other titles of the ADA). Courts in the Sixth Circuit have dismissed claims under Title I of the ADA against state entities. See, e.g., Gong v. Univ. of Mich., No. 19-1068, 2019 WL 7598905, at *2 (6th Cir. Oct. 17, 2019); Abdalla v. Tenn. Dep't of Corr., No. 2:20-cv-2041, 2021 WL 27305, at *3 (W.D. Tenn. Jan. 4, 2021); Emery v. Mich. Dept. of Civil Rights, No. 15-11467, 2016 WL 1090429, at *2 (E.D. Mich. Mar. 21, 2016) ("In light of the ruling in Garrett, it is clear that Plaintiff's ADA claims against Defendant MDCR are barred by Eleventh Amendment immunity."). Because the Eleventh Amendment bars Rodgers from bringing her ADA claim against DCS, the undersigned recommends that this case be dismissed pursuant to Rule 12(b)(1).

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 17, 2021
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND**

RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.