# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

CYNTHIA RODGERS.,

    Plaintiff,

v.                                                      Case No. 2:21-cv-02259-MSN-tmp

TENNESSEE DEPARTMENT
OF CHILDREN SERVICES,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Chief Magistrate Judge's Report and Recommendation ("Report"), (ECF No. 12), entered on December 17, 2021. The Report recommends that Defendant's Motion to Dismiss, (ECF No. 9), ("Motion"), be granted. (ECF No. 12 at PageID 38.) On January 3, 2022, Plaintiff filed a late Response to the Motion, (ECF No. 14), to which Defendant responded on January 18, 2022. (ECF No. 15.) For the reasons below, the Court **ADOPTS** the Chief Magistrate Judge's Report.

## BACKGROUND AND PROCEDURAL HISTORY

The Report offers Proposed Findings of Fact. (ECF No. 12 at PageID 31–33.) Plaintiff's January 3, 2022 filing, (ECF No. 14), does not allege new facts or offer objections to the findings of fact articulated in the Report. Therefore, the Court **ADOPTS** the Report's Proposed Findings of Fact as its findings of fact.

Plaintiff initiated this action against Defendant Tennessee Department of Children Services when she filed her *pro se* Complaint on April 26, 2021. (ECF No. 1.) Plaintiff worked for

Defendant as a senior employee tasked with working on-call shifts and "responding to after-hours calls regarding child safety and welfare." (ECF No. 10 at PageID 16; *see* ECF No. 1 at PageID 2.) Plaintiff generally alleges that Defendant discriminated against her based on two claimed disabilities—Obstructive Sleep Disorder and Interstitial Fibrosis—in violation of her rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.* ("ADA"). (ECF No. 1 at PageID 2.)

On September 21, 2021, Defendant filed its Motion under Fed. R. Civ. P. 12(b)(1). (ECF No. 10.) Defendant argued that it enjoys immunity from suit under the Eleventh Amendment as an arm of the state of Tennessee. (*Id*. at PageID 46–51.) Plaintiff did not respond to Defendant's Motion during the twenty-eight (28) day period allotted by the Court's Local Rules. *See* LR 12.1(b). Accordingly, on October 20, 2021, the Chief Magistrate Judge entered an Order that directed Plaintiff to show cause on or before November 3, 2021 as to why Defendant's Motion should not be granted. (ECF No. 11.) No response was entered into the record and the Chief Magistrate Judge issued his Report on December 17, 2021. (*See* ECF No. 12 at PageID 32.)

Although Plaintiff did not file objections to the Report, she did file a document on January 3, 2022, entitled "*Pro Se* Response in Opposition Re Motion to Dismiss for Lack of Jurisdiction." (ECF No. 14). Defendant filed its Response on January 18, 2022. (ECF No. 15.) Defendant asserts in its Response that Plaintiff has (1) not identified any objection(s) to the Report, thus waiving her right to object; (2) not identified *specific* portions of the Report, if any, she wishes the Court to review *de novo*; and, (3) anything in the filing that can be construed as an objection has been premised on a misstatement of applicable law. (ECF No. 15 at PageID 51–52.)

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to a Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the Magistrate Judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. 2018) (citing *Ramirez v. United*

*States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017). Nonetheless, the Court notes, "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## ANALYSIS

The Report recommends that the Court grant Defendant's Motion. (ECF No. 12 at PageID 38.) The Chief Magistrate Judge concluded that the Eleventh Amendment bars Plaintiff's recovery because Defendant qualifies as "the State" for sovereign immunity purposes and exceptions to this doctrine do not apply. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003). (ECF No. 12 at PageID 36–38.) To properly challenge Defendant's factual assertions, Plaintiff "must respond to each fact set forth by the movant by either: (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the [dispositive] motion . . . only; or (3) demonstrating that the fact is disputed." LR 56.1(b). Disputed facts must be supported by citations to the record, *id.*, and comply with Federal Rule of Civil Procedure 56(c)(1).[1]

The Federal Rules of Civil Procedure control in *pro se* non-prisoner matters just as they do in counseled matters. *See Bass v. Wendy's of Downtown, Inc.*, 526 F. App'x 599, 601 (6th Cir.

---

[1] Federal Rule of Civil Procedure 56(c)(1) requires a party intending to dispute a fact presented by a movant for summary judgment to "(A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

2013) ("Non-prisoner *pro se* litigants are treated no differently than litigants who choose representation by attorneys.") (citations omitted). The same holds true at the dispositive motions stage. *See Viergutz v. Lucent Techs.*, 375 F. App'x 482, 485 (6th Cir. 2010) ("[Plaintiff]'s status as a *pro se* litigant does not alter his duty on a summary judgment motion."); *see also McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003) ("Ordinary civil litigants proceeding *pro se*, however, are not entitled to special treatment, including assistance in regards to responding to dispositive motions.") In the matter *sub judice*, although Plaintiff did not file a timely response to the Motion to Dismiss, the Court will nonetheless liberally construe her filing, (ECF No. 14), as an objection to the Report that recommended adopting said Motion.[2] *See Curtin*, 631 F.3d at 383.

Here, Plaintiff does not identify specific portions of the Report to which she objects; this omission alone may constitute good grounds to adopt the Report. *See Howard*, 932 F.2d 509. Instead, she argues generally that Defendant does not enjoy state sovereign immunity because Congress has abrogated such immunity for ADA claims.[3] To justify this assertion, Plaintiff cites a litany of cases from other circuits decided during the *mid-to-late 1990s*. (*See* ECF No. 14 at PageID 43, 47, 49.) However, to the extent it applies here, Plaintiff's authority has been

---

[2] Plaintiff avers that she did not receive Defendant's Motion to Dismiss and, although the record does not reflect the mailing was returned as undeliverable, the Court will consider her Response. (ECF No. 14 at PageID 42.)

[3] The Report explains that state sovereign immunity applies to Defendant Tennessee Department of Children's Services because that entity is "the State" for sovereign immunity analytical purposes. *See Gean*, 330 F.3d at 766. It proceeds to identify the only three exceptions to that doctrine: the *Ex Parte Young* doctrine, consent by the State, and congressional abrogation. (ECF No. 12 at PageID 36–37.) Plaintiff does not challenge the first two exceptions, instead she addresses only the third. Therefore, the Court will adopt the Report's undisputed analysis that concludes the first two exceptions do not apply and address only what has been disputed by Plaintiff: whether Congress abrogated state sovereign immunity for purposes of the ADA. *See Arn*, 474 U.S. 150.

5

superseded by a cornucopia of *more recent* decisions delivered by the Sixth Circuit and—as the Chief Magistrate Judge wisely noted (ECF No. 12 at PageID 37)—the U.S. Supreme Court itself. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001); *Al-Janabi v. Wayne State Univ.*, No. 21-1399, 2021 U.S. App. LEXIS 37051, *4 (6th Cir. Dec. 15, 2021) ("And to the extent that Al-Janabi brought his ADA claim under Title I of that statute, Wayne State was entitled to Eleventh Amendment immunity on that claim as well."); *see Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) ("Because Title I did not abrogate the states' Eleventh Amendment immunity, individuals may not sue states for money damages under Title I."); *Cook v. Garner*, Case No. 19-5931, 2020 WL 4876309, *8 (6th Cir. 2020) ("... Congress has not abrogated the states' sovereign immunity with respect to claims arising under Title I of the ADA (failure to accommodate) or the ADEA."); *see also Babcock v. Michigan*, 812 F.3d 531, 534 (6th Cir. 2016) (collecting cases). Defendant correctly relies on the most recent authority in its Response and Plaintiff has failed to identify, address, or otherwise distinguish it. (ECF No. 15 at PageID 52.) Consequently, the Court finds Plaintiff's latest pleading, to the extent it presents any colorable objection to the Report, legally insufficient and unresponsive to the analysis and conclusion discussed in the Report. Therefore, the Court **ADOPTS** the Report in full and **GRANTS** Defendant's Motion to Dismiss.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **GRANTS** Defendant's Motion.

**IT IS SO ORDERED**, this 4th day of February, 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE